# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO.:

ITAMAR TILA-COHEN, individually, and on behalf of others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

BRYANT SECURITY CORPORATION, a Florida Corporation.

    Defendant.

_____/

### **COMPLAINT**

COMES NOW, Plaintiff, ITAMAR TILA-COHEN ("COHEN"), on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, hereby sues Defendant, BRYANT SECURITY CORPORATION ("BRYANT"), and alleges as follows:

### **JURISDICTION VENUES AND PARTIES**

1. This is an action seeking payment of wages, including but not limited to, earned but unpaid compensation for hours worked and unpaid overtime compensation, due to Plaintiff and other similarly situated workers under federal law.

2. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 216(b) ("the Act") and 28 U.S.C. § 1331.

3. At all times material hereto, Plaintiff, ITAMAR TILA-COHEN, was and is a resident of Miami-Dade County, Florida.

4. Plaintiff is a covered employee for purposes of the Act.

5. At all times relevant to this litigation, Plaintiff and those similarly situated have worked for the Defendant BRYANT SECURITY CORPORATION.

6. Defendant, BRYANT SECURITY CORPORATION, was and is a Florida corporation authorized to transact business in the State of Florida and does business in Miami-Dade County, Florida.

7. The causes of action alleged herein arise primarily out of acts or omissions in Miami-Dade County, Florida.

8. Venue is proper in the United States District Court Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

9. This cause of action is brought by Plaintiff, and those similarly situated, to recover half-time overtime hours and/or minimum wages for work performed, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees from Defendant under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C § 201 *et seq* (the "FLSA" or "the Act").

10. Defendant is a Florida Corporation that provides security services to businesses, residential communities, construction sites, retailers, and related security services such as executive bodyguard protection.

11. Defendant employed Plaintiff as a non-exempt, full-time, salaried employee from approximately April 2016 to February 2022.

12. Plaintiff had duties as a security officer. He worked as a Security Director for Aventura Turnberry Jewish Center and he regularly reported to the Defendant's office located at 16840 NE 19th Avenue, Miami Beach, Florida, 33162.

13. Plaintiff worked under the supervision of the owner of BRYANT SECURITY CORPORATION, Shay Ben-David, and Vice President, Rene Zerquera.

14. While employed by Defendant, Plaintiff worked for a flat rate of $1,100.00 per week until January of 2019.

15. In January of 2019, Plaintiff's pay was increased to a flat rate of $1,250.00 per week.

16. In August of 2021, Plaintiff's pay was increased to a flat rate of $1,550.00 per week.

17. While employed by Defendant, Plaintiff had an irregular schedule, but he worked on site an average of 50 to 65 hours per week including weekends.

18. During the course of Plaintiff's employment with the Defendant, he was not paid for half-time overtime hours as required by law.

19. During the relevant period, Defendant willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40) hours per week.

20. Plaintiff never agreed to the lack of payment for overtime hours.

21. While employed by Defendant, Plaintiff frequently received work related calls from supervisors, clients, and other employees during non-work hours.

22. The numerous calls Plaintiff received from supervisors, clients, and other employees were more than de minimis and collectively amounted to several hours.

23. Further, during the high holidays, Plaintiff often worked in excess of 60 hours per week and was not paid half-time overtime hours, holiday pay, or at all.

24. It is believed that Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

25. Plaintiff, and other similarly situated employees, seek to recover half-time overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

### COUNT I – WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

26. Plaintiff adopts and re-alleges paragraphs 1 through 25 above.

27. Defendant permitted Plaintiff and all those similarly situated to work for Defendant within the meaning of 29 U.S.C. § 203(g).

28. Defendant was required under the Fair Labor Standards Act, 29 U.S.C. § 207(a), to pay the Plaintiff, and those similarly situated, at a rate not less than one and one-half times the Plaintiffs' regular wage rates for all hours the Plaintiff worked in excess of 40 in a workweek.

29. At all times during his employment, Plaintiff was a protected employee required by law to be paid for work performed for Defendant and required to be paid at the rate of one-and-half times his regular hourly rate and/or half-time overtime for those hours he worked in excess of forty during any given workweek.

30. Plaintiff routinely worked many overtime hours per week, but his overtime hours worked were routinely and systematically not paid at the premium rate, or at all.

31. While employed by Defendant, Plaintiff had an irregular schedule, but he worked on site an average of 50 to 65 hours per week including weekends.

32. During Plaintiff's employment with the Defendant, Plaintiff was not paid for overtime hours as required by law.

33. Plaintiff clocked in and out, and Defendant was able to track and monitor the hours worked by Plaintiff.

34. Plaintiff was paid weekly with checks for a flat rate without regard to the number of hours worked.

35. While employed by Defendant, Plaintiff frequently received work related calls from supervisors, clients, and other employees during non-work hours.

36. The numerous calls Plaintiff received from supervisors, clients, and other employees were more than de minimis and collectively amounted to several hours.

37. Further, during the high holidays, Plaintiff often worked in excess of 60 hours per week and was not paid half-time overtime hours, holiday pay, or at all.

38. To date, Defendant has not paid Plaintiff and those similarly situated one and one-half times their regular rates for all hours worked by Plaintiffs in excess of 40 per week within the last three years, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

39. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week using the applicable wage as the basis to calculate the overtime due and owing to Plaintiff.

40. At all times material to this action, Defendant failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by Defendant to properly pay Plaintiff at the premium rate for all hours worked in excess of forty (40) hours per workweek.

41. Defendant failed to pay overtime compensation to Plaintiff based upon factors to include the following: (a) Plaintiff was not paid for most of the many hours he worked in excess of forty hours during the vast majority of his workweeks; (b) Defendant completely failed to

maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; and (c) Defendant has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

42. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

43. Defendant willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. As a result of Defendant's unlawful conduct, the Plaintiff and those similarly situated, have incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

45. Plaintiff has been required to hire the undersigned counsel as a result of Defendant's actions and has agreed to pay a reasonable sum for attorneys' fees in relation thereto.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff, ITAMAR TILA-COHEN, and others similarly situated, against the Defendant, BRYANT SECURITY CORPORATION, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and

B. Award Plaintiff, ITAMAR TILA-COHEN, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

DATED: December 2, 2022

Respectfully submitted,

**MATHIS LAW GROUP**

/s/ KIMESHA S. SMITH, ESQ.
**BRIAN K. MATHIS, ESQUIRE**
Florida Bar No.: 0046223
bmathis@mathislawgroup.com
rbrenes@mathislawgroup.com
**KIMESHA S. SMITH, ESQUIRE**
Florida Bar No.: 116466
ksmith@mathislawgroup.com
ckuller@mathislawgroup.com
jkirkland@mathislawgroup.com
515 E. Las Olas Blvd., Suite 120
Ft. Lauderdale, FL 33301
Mailing: P.O. Box 91657
Lakeland, FL 33804
T: (954) 616-4404
F: (954) 616-4405
*Attorneys for Plaintiff*